**DODWELL & CO., Limited, v. MUNICH ASSUR. CO., Limited, et al.**

(District Court, N. D. California. June 2, 1903.)

No. 12,580.

1. MARINE INSURANCE — GENERAL AVERAGE LOSSES ON CARGO — INSURANCE AGAINST BY CHARTERER.

The charterer of a steamship, being primarily bound to secure or discharge general average contributions due upon the goods of the several cargo owners, and entitled to a lien thereon for his reimbursement, has an insurable interest in such goods, and under a policy insuring him against general average charges on the cargo may recover the amount of contributions so paid by him on cargo owned by others as well as by himself.

¶ 1. See Insurance, vol. 28, Cent. Dig. § 156.

· In Admiralty.   Suit on marine policy of insurance.

This was an action to recover upon a policy of marine insurance. The case was submitted to the court for decision upon an agreed statement of facts, from which it appeared: The libelant was the charterer of the steamship Tacoma, then about to sail from Seattle, in the state of Washington, for Nome, in the district of Alaska, and had received on board of the steamer a cargo of merchandise for transportation between said ports. This cargo exceeded in value the sum of $100,000, and a portion thereof, of the value of $19,837.30, belonged to the libelant, and the remainder to various shippers, to whom the libelant had issued bills of lading in the usual form. The libelant applied to the defendants for insurance upon all of the said cargo, and the defendants issued to the libelant a policy of insurance in writing, whereby they insured the said libelant, "as well in their own name as for and in the names of all and every other person or persons to whom the subject-matter of this policy does, may or shall appertain, in part or in all," against "general average and/or salvage only." After the delivery of the policy the Tacoma sailed from Seattle on the voyage described in the policy. In the course of the voyage, by reason of the stranding of the steamer in Behring Sea, and by reason of sacrifices made by jettison of cargo in order that the steamer and her cargo might be floated and saved, and for the benefit of the interests concerned in the adventure, general average charges were incurred by the cargo, which charges were lawfully payable thereon whenever and as soon as a general average adjustment thereof should be made. Such general average adjustment was made, and the libelant, as· charterer of the ship and bailee of the cargo, paid to the steamship and her owners the full amount of the general average charges upon all of said cargo. On the 12th day of December, 1900, the libelant presented to the defendants the general average adjustment, and requested payment to it of the sum of $1,555.35, that being the amount payable by the defendants if, under the insurance carried by their policy, they were liable for a loss suffered by the libelant upon merchandise in its possession simply as carrier, as well as that owned by it. The defendants refused to pay the sum demanded, or to acknowledge any liability exceeding $334.70, which amount represents the loss of the libelant upon the merchandise which was owned by it, but not that owned by other parties, and in its possession as carrier.

Page, McCutchen, Harding & Knight, for libelant.
Andros & Hengstler, for respondents.

DE HAVEN, District Judge.   Upon the agreed facts the libelant is entitled to recover the sum of $1,555.35, and interest thereon from December 12, 1900, and costs.   This conclusion is sustained by the following cases:   The London & Northwestern Railway Co. v. Glyn, 1 Ellis & Ellis (Q. B.) 52, 102 E. C. L. 652; Waters v. Assurance Co., 5 Ellis & B. 870, 85 E. C. L. 870; California Insurance Co. v. Union Express Co., 133 U. S. 387, 10 Sup. Ct. 365, 33 L. Ed. 730. It is not alleged in the libel nor shown that the libelant had any lien for freight or advance charges upon the goods covered by the policy belonging to other parties, nor that the action of the libelant in obtaining insurance upon such goods was previously authorized, or has since been ratified by the owners; nor is it directly alleged that the action is brought for their benefit.   But it would seem that the libelant, as charterer of the Tacoma, had the right, and indeed was legally bound, to either secure or discharge the general average contributions due upon the goods of the several owners before delivery to the consignees, and upon such payment would be entitled to a lien upon the goods liable to such contribution for their reimbursement. The rule is that the goods of the shipper may be retained by the

master or shipowner until their share of the contribution is paid, or secured. United States v. Wilder, 3 Sumn. 308, Fed. Cas. No. 16,694. This being so, the libelant had an insurable interest in all the goods carried by the steamer, of which it was the charterer, and could lawfully insure the same against general average charges.

Let a decree be entered in favor of the libelant for the sum of $1,555.35, with interest from December 12, 1900, and costs.